571 F.2d 129
 Fed. Sec. L. Rep. P 96,344
SECURITIES AND EXCHANGE COMMISSION, Plaintiff,
v.
Robert L. VESCO et al., Defendants,
Wade S. Malhas, Irving Horowitz, Martin Jacoby, Charles
Birbara, Cornelius A. Hubner, Murray Dryer, Phil
Birbara, N. E. Burgess and William
Zeidman, Intervenor-Appellants.
 No. 687, Docket 77-6214.
 United States Court of Appeals,
Second Circuit.
 Argued Feb. 6, 1978.
Decided Feb. 27, 1978.
 
 William J. McSherry, Jr., New York City (Spengler, Carlson, Gubar, Churchill & Brodsky, Edward Brodsky and Alison A. Rivard, New York City, of counsel), for intervenor-appellants.
 Milton S. Gould, New York City (Shea, Gould, Climenko & Casey, Sheldon D. Camhy and Michael W. Sigall, New York City, of counsel), for appellee, International Controls Corp.
 Irving H. Picard, Washington, D.C. (Securities and Exchange Commission, David Ferber, Sol. to the Commission, Margaret M. Topps, Atty., Washington, D.C., Marvin E. Jacob, Associate Administrator, S.E.C., New York City, of counsel), for Securities and Exchange Commission.
 Before FEINBERG, MANSFIELD and VAN GRAAFEILAND, Circuit Judges.
 VAN GRAAFEILAND, Circuit Judge:
 
 
 1
 On November 27, 1972, the Securities and Exchange Commission instituted an action to enjoin International Controls Corporation and a number of individual and corporate defendants from violating certain provisions of the Securities Exchange Act of 1934, including Section 10(b), 15 U.S.C. § 78j(b), and Section 13, 15 U.S.C. § 78m. On March 16, 1973, International consented to the entry against it of a final judgment permanently enjoining such violations. The judgment also provided that the court would appoint an "interim independent board of directors" for International with "full power under applicable corporate law" to conduct its affairs, in conjunction with a Special Counsel and subject to the terms and conditions of the judgment. The court appointed a five-member board, four members of which are still in office, the fifth having died in January, 1976, and no replacement having been made.
 
 
 2
 The time has now come to return control of the corporation to an elected board, and the district court has appointed a Special Master to supervise the transition. At issue on this appeal is the recommendation of the Special Master, adopted by the district court, which permits the court-appointed directors, if otherwise qualified, to stand for election to the ten-man board provided for in the amended company bylaws. Appellants, intervening stockholders, urge this Court to adopt a general rule prohibiting court-appointed directors from seeking election as directors or serving as officers of the corporation they have managed as court appointees. The Commission suggests, on the other hand, that no such general rule should be adopted but that each case should be determined on its own particular facts.
 
 
 3
 The Commission points out that there is no evidence in the record before us of any wrongdoing on the part of the court-appointed directors and that, during their tenure in office, the financial status of the corporation has improved markedly. Moreover, all of the candidates for election to the new board must pass strict standards of eligibility which have been prescribed by the Special Master, and they are precluded from expending corporate funds in soliciting proxies or votes. Under these circumstances, says the Commission, the court below properly exercised its discretion in giving International's shareholders the opportunity to determine for themselves whether they wish to continue all or some of these directors in office. We agree with the Commission that the general rule urged by appellants should not be adopted. We agree, also, that the district court did not err in adopting the challenged recommendation of the Special Master in this case.
 
 
 4
 Appellants contend that the position taken by the Commission is inconsistent with the one it took in Protective Committee For Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968). There, the Commission argued that the trustee in a Chapter X reorganization should be precluded from acting as president of the reorganized company.[1] The Commission's response to appellants' contention is that a trustee in reorganization, required to be disinterested, 11 U.S.C. § 556, should not be placed in a position where he might be improperly influenced by the company's major creditors or outside sponsors of a plan who would be likely to control the reorganized company. There would be no similar conflict between the actions of the court-appointed directors during their tenure in office and their subsequent election by the corporate shareholders. Indeed, the strongest plank in their campaign platform would be their demonstrated devotion to the interests of the corporation.
 
 
 5
 Experienced management is a valuable corporate asset. "The right to vote for directors, therefore, is the right to protect property from loss and make it effective in earning dividends." Lord v. Equitable Life Assurance Society, 194 N.Y. 212, 228, 87 N.E. 443, 448 (1909). In the absence of a compelling reason, a court should not preclude shareholders from the full exercise of this right. Where experienced directors are court-appointed, the court should decide on the facts of the particular case whether a sound reason exists for denying them elected office. Finding none, it may permit the election to go forward under appropriate guidelines and supervision. That is what the district court did in this case.
 
 
 6
 We affirm.
 
 
 
 [1]
 Id. at 422, 88 S.Ct. 1157. The Court reversed and remanded on other grounds without considering this question. We express no view on the merits of the Commission's position in TMT Trailer Ferry, because we agree that this case is distinguishable